HOUSTON TRANSIT BENEFIT ASSOCIATION et al., Appellants,

v.

David CARRINGTON et al., Appellees.

No. A2070.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 24, 1979.

Leslie H. Thacker, Houston, for appellants.

Eric H. Nelson, Barney L. McCoy, Houston, for appellees.

Before J. CURTISS BROWN, C. J., and JUNELL and PAUL PRESSLER, JJ.

PAUL PRESSLER, Justice.

This is an appeal from the granting of a temporary injunction prohibiting the certification of results of an election.

The by-laws of Houston Transit Benefit Association (the Association) provide the method for the election of officers and members of the Board of Directors. The election is to be by written ballot and held the third week of October. The selected officers and directors are to take office "at the first regular scheduled Board meeting following the election of officers." By-Laws, Houston Transit Benefit Association, art. V § 1.

The appellees submitted a slate of candidates for the election of October, 1978. One of these candidates, W. L. Rice, was later found by the Election Committee to be ineligible under Art. IV § 2 of the by-laws as he was retired. Consequently, Rice's name was not placed on the ballot. The incumbent, C. R. Daw, was thus unopposed. There being no write-ins for the position, he was declared by the Election Committee to have been reelected.

Appellees contend that the refusal of the Election Committee to place Rice's name on the ballot and the method of election were improper. They filed suit on November 9, 1978, seeking a temporary injunction restraining Daw and the others elected in October 1978, from assuming their respective positions. Other injunctive relief was also sought. On November 16, all of the aforementioned officers and directors were installed. These facts were before the court during the hearings on November 28 and November 29. After the hearings, the court enjoined all of the named defendants other than C. R. Daw "from certifying C. R. Daw as an elected member of the Board of Directors of the Houston Transit Benefit Association" pending final hearing on the merits. No other relief was granted in the order.

Appellants raise six points of error in their brief. Only the third point need be considered herein as it is determinative of this appeal. Therein the appellants contend it was error for the court to enjoin the certification of C. R. Daw as an elected member of the Board of Directors because Daw had already been installed prior to the hearing. We find that the evidence supports this contention.

No effect can be given to an order enjoining the doing of that which has already been done. If the act sought to be enjoined has been completed prior to the granting of a temporary injunction, and is not likely to recur, the issue has become moot and the temporary injunction should be denied. *Cameron v. Saathoff*, 162 Tex. 124, 345 S.W.2d 281 (1961); *Krenek v. South Texas Electric Cooperative Inc.*, 502 S.W.2d 605 (Tex.Civ.App.—Corpus Christi 1975, no writ); *Southwestern Bell Telephone Co. v. Communications Workers of America, AFL–CIO*, 454 F.2d 1333 (5th Cir. 1971). The injunction issued by the court below purported to enjoin the certification of C. R. Daw as a Director, an act which had already been completed prior to the hearing, rendering the issue moot.

The temporary injunction is hereby dissolved and the cause of action is dismissed insofar as it seeks a temporary injunction.