**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 96-41146

(Summary Calendar)
_____

LARRY LEE CLARK,

                              Plaintiff - Appellant,

versus

J  G  GONZALEZ,  Warden;  R  SANCHEZ;  UNKNOWN
SIMMONS; NUECES COUNTY SHERIFF'S DEPARTMENT,

                              Defendants - Appellees.

_____

Appeal from the United States District Court
For the Southern District of Texas
(C-95-CV-670)

_____

October 23, 1997

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Larry Lee Clark, a state prisoner proceeding pro se and in forma pauperis, filed an action under 42 U.S.C. § 1983 against officers J. Gonzalez, R. Sanchez, and Simmons (collectively, "the individual defendants") and against the Nueces County Sheriff's

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Department alleging that while he was a pretrial detainee he was beaten by the individual defendants and that he was denied medical treatment for the injuries he allegedly suffered. The magistrate judge granted summary judgment in favor of defendants on all claims, including qualified immunity, and Clark now appeals. Finding a genuine issue of material fact with regard to the excessive force claims against the individual defendants, we reverse and remand in part. We affirm as to all other claims.

I

Following a disagreement Clark had with an employee in the kitchen of the Nueces County Jail, three officers[1] escorted Clark back to his cell. At some point before entering an elevator to his unit, they placed handcuffs on Clark. Clark states in a sworn affidavit (which defendants filed in support of their summary judgment motion) that while he was standing and facing the wall of the elevator, the officers hit him, slammed his head into the wall face first, and slammed him from wall to wall while holding both of

---

[1]Sanchez and Gonzalez were two of the officers involved in the incident. Clark alleges that Simmons was the third officer, but the defendants filed affidavits stating that Officer J. Arellano was the third officer and that Simmons was not present at any time. Simmons' time card, attached as an exhibit to his affidavit, reflects that Simmons punched out at 14:82 on September 14, 1994 (the time cards appear to be in hundredths of an hour, rather than minutes). Clark contends that the beating occurred approximately between 2:30 p.m and 3:00 p.m. The incident report completed by Morrison reflects that Sanchez returned Clark to his cell at 3:40 p.m. Viewing this evidence in the light most favorable to Clark, we believe there is a genuine issue of fact regarding the identity of this third officer that precludes entry of summary judgment for Simmons.

his arms.  Although Clark admits calling Gonzalez "a punk" before entering the elevator, Clark maintains that in the elevator he followed the officers' instructions not to turn around or say anything.  Gonzalez states in his sworn affidavit that Clark was acting "aggressive and combative" and that when Clark tried to turn away from the elevator wall, he and Officer Arellano held Clark against the wall to prevent him from striking one of them.

Clark states in his verified supplemental pleading that he suffered injuries to his head, shoulder, and lip as a result of this incident.  The defendants, on the other hand, state that Clark neither received nor complained of any injuries during this incident, and, if he had, they would have taken him to a medic immediately.  When Clark was returned to his cell, the unit officer called a medic, who gave Clark pain medication.  On September 20, 1994, a doctor prescribed medication for Clark's headaches.  During the next few months, Clark continued to complain about headaches and was prescribed two other medications.

Clark filed a verified complaint and, pursuant to the order of the district court, a verified supplemental pleading in which he further specified the facts underlying his cause of action.[2]  The court conducted a *Spears*[3] hearing, concluded that Clark had met his

---

[2]Verified pleadings are proper summary judgment evidence to the extent that they comport with the requirements of FED. R. CIV. P. 56(e).  *See King v. Doran*, 31 F.3d 344, 346 (5th Cir. 1994).

[3]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

burden to show his case was not frivolous, and allowed the case to proceed. The parties consented to disposition of the case before a magistrate judge. The defendants filed a motion for summary judgment, claiming that they were entitled to qualified immunity, that Clark did not allege a policy or custom that was a moving force behind the alleged violations, that Clark failed to prove an injury, that the force the officers applied was objectively reasonable and in a good faith effort to restore order, and that defendants did not act in deliberate indifference to any serious medical needs of Clark. Clark did not file a response. The magistrate judge granted the defendants' motion for summary judgment.

## II

Clark contends that the three officers beat him without any provocation and used force that was excessive under the circumstances. He further contends that he was then denied medical treatment for his injuries despite repeated requests. Defendants deny both of these claims, claiming the same grounds as they did in their summary judgment motion.[4]

### A

We review a grant of summary judgment *de novo*. *See New York Life Ins. Co. v. The Travelers Ins. Co.*, 92 F.3d 336, 338 (5th

_____

[4]There is no indication that the magistrate judge relied on qualified immunity to grant summary judgment. Because defendants alleged qualified immunity, however, we consider it.

Cir. 1996).  Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  "[T]he party moving for summary judgment must 'demonstrate the absence of an issue of material fact,' but need not negate the elements of the nonmovant's case."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)).

In addressing defendants' summary judgment motion, the magistrate judge briefly stated Clark's allegations, summarized the legal standard for summary judgment, and then, invoking Local Rule 6.E, which provides that a failure to respond will be taken as a representation of no opposition, granted summary judgment in favor of the defendants.  We have held that "[a] motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule."  *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985) (citing *John v. Louisiana (Bd. of Trustees for State Colleges & Univs.)*, 757 F.2d 698 (5th Cir. 1985)).  When a party moving for summary judgment does not meet its initial summary judgment burden, the court must deny its motion even if the nonmoving party did not file a response.  *See id*.  If

the court grants the summary judgment solely because of the nonmoving party's lack of response, that decision constitutes reversible error.[5]  *See id*.  However, because we review summary judgments *de novo*, we will consider whether the defendants met their summary judgment burden.

B

Gonzalez, Sanchez, and Simmons claim qualified immunity.  We conduct a bifurcated analysis to assess whether a defendant is entitled to qualified immunity.  *See Rankin v. Klevenhagen*, 5 F.3d 103, 105 (5th Cir. 1993).  The first step is to determine whether the plaintiff has alleged a violation of a clearly established constitutional right.  *See id*.  The second step is to determine "whether the defendant's conduct was objectively reasonable."  *Id*.

In order to state a claim for excessive force, a pretrial detainee "must show that force was applied not 'in a good-faith effort to maintain or restore discipline,' but rather . . . 'maliciously and sadistically to cause harm.'"  *Rankin v. Klevenhagen*, 5 F.3d 103, 107 (5th Cir. 1993) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6, 112 S. Ct. 995, 998, 117 L.Ed.2d 156

---

[5]It is not clear whether the magistrate judge considered whether the defendants had met their initial summary judgment burden or relied solely on the local rule in rendering his decision.  Because Clark did not brief this issue on appeal, however, we need not resolve it.  *See Al-Ra'id v. Ingle*, 69 F.3d 28, 31 (5th Cir. 1995) (holding that although we liberally construe briefs of pro se parties, pro se party waives issue by failing to comply with FED. R. APP. P. 28(a)(6), which requires parties to brief all issues to be considered on appeal).

(1992)).  In addition, the plaintiff must show some injury; *de minimis* uses of physical force are not constitutionally protected. *See Jackson v. Culbertson*, 970 F.2d 1430, 1432 (5th Cir. 1993).

The summary judgment evidence suggests that Clark suffered injuries to his head, shoulder, and lip as the result of an unprovoked beating that was administered after he was already handcuffed.  Clark has therefore shown for qualified immunity purposes a violation of a clearly established right.  In addition, the evidence reveals that a genuine issue of material fact remains regarding the objective reasonableness of such force.  The individual defendants have failed to demonstrate the absence of genuine issue of fact and that they are entitled to judgment as a matter of law as to the excessive force claims.

C

In order to state a claim under § 1983 for denial of medical care, Clark must establish the individual defendants' deliberate indifference to his serious medical needs.  *See Wesson v. Oglesby*, 910 F.2d 278, 283 (5th Cir. 1990).  Viewed in the light most favorable to Clark, however, the summary judgment record sets forth no evidence that the individual defendants acted with deliberate indifference to any serious medical needs of Clark.[6]  We hold

---

[6]In his brief, Clark states for the first time that Gonzalez and Sanchez did not take him immediately to see medical personnel after they used force against him even though it is the sheriff's department policy to do so.  This is insufficient to establish deliberate indifference to serious medical needs, and it is not

therefore that the magistrate judge properly entered summary judgment dismissing the denial of medical care claims.

D

Clark does not contend that the alleged beating or the denial of medical care was pursuant to a policy or custom of the Nueces County Sheriff's Department. The magistrate judge therefore properly dismissed all claims against the sheriff's department. Accordingly, we affirm the summary judgment in favor of the sheriff's department.

III

For the foregoing reasons, we REVERSE the magistrate judge's grant of summary judgment as to the excessive force claims against the individual defendants and REMAND for trial. We AFFIRM the summary judgment as to all claims against the Nueces County Sheriff's Department and as to the denial of medical care claims against the individual defendants.

---

supported by any evidence in the summary judgment record.