IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-11232
Summary Calendar

FRANK R GOLDSMITH

Plaintiff-Appellant

v.

HOOD COUNTY JAIL; JOHN DOE, Jail Captain

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CV-602

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Frank R. Goldsmith appeals from the dismissal of his 42 U.S.C. § 1983 suit seeking damages arising from his allegedly unlawful extradition from Texas to Washington. Goldsmith does not contend that the district court erred by finding that he had failed to state a claim. Rather, he argues only that the district court erred by dismissing his suit without first granting him an opportunity to amend his complaint or dismiss it voluntarily.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews the dismissal of a complaint under §§ 1915(e)(2)(B)(ii) and 1915A for failure to state a claim under the same de novo standard of review applicable to dismissals made pursuant to FED. R. CIV. P. 12(b)(6).  Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999); Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998).  In general, it is error for a district court to dismiss a pro se complaint without affording the plaintiff the opportunity to amend.  Bazrowx, 136 F.3d at 1054.  Such an error may be ameliorated, however, where the plaintiff has set forth his "best case."  Id.

Goldsmith's complaint is fairly thorough.  Importantly, he does not explain what facts he would have added or how he could have overcome the deficiencies found by the district court if he had been granted an opportunity to amend.  As there is no indication that Goldsmith had not set forth his best case, he has failed to show that the district court erred by dismissing his complaint without first allowing him to amend.  See Bazrowx, 136 F.3d at 1054.

Goldsmith cites no support for his argument that the district court erred by not allowing him to voluntarily dismiss his complaint.  Pursuant to FED. R. CIV. P. 41(a), a plaintiff must first move for voluntary dismissal before such dismissal may be granted.  As Goldsmith did not move for voluntary dismissal in the district court, the court did not err by not granting voluntary dismissal of the instant claim.

AFFIRMED.