# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 25, 2010

No. 07-50986
Summary Calendar

Lyle W. Cayce
Clerk

WILLIE FENNELL, JR

Plaintiff - Appellant

v.

CAPTAIN FREDERICO QUINTELA; CO.II OMAR LOPEZ; MICHELLE
SELLERS; STAFF NURSE SHELIA BURCHANN; SERGEANT MANUEL
ALVAREZ; CO ROSA LOPEZ; CO V FRANK GRANADO; TDCJ LYNAUGH
UNIT

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:06-CV-46

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se and *in forma pauperis*, Willie Fennell, Jr. ("Fennell"),

Texas prisoner # 1258597, filed this suit pursuant to 42 U.S.C. § 1983, alleging

various Eighth Amendment claims.  Fennell appeals the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 07-50986

dismissal of his claims.  We REVERSE and REMAND in part and AFFIRM in part.

## I. FACTUAL AND PROCEDURAL HISTORY

We recite the facts in the light most favorable to Fennell.  Fennell was an inmate incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ").  On May 4, 2006, Fennell reported to kitchen duty but was sent back to his housing unit because he had a book in his hand.  When he was returning from his housing unit, Fennell was confronted by TDCJ officer Frank Granado ("Officer Granado") who challenged him to a fight.  Fennell ignored Officer Granado's challenge and continued to walk towards the kitchen to report to work.  Officer Granado then ordered Fennell to stop and asked him for identification.  Fennell stopped, produced identification, and answered certain questions posed to him by Officer Granado.  As Fennell was being questioned by Officer Granado, another TDCJ officer, Manuel Alvarez ("Officer Alvarez"), ran up from behind him and slammed him into a wall, injuring his shoulder.  Officer Alvarez then handcuffed Fennell.  TDCJ officer Rosa Lopez-Lopez ("Officer Lopez-Lopez") arrived to assist Officer Alvarez.  Officers Alvarez and Lopez-Lopez then escorted Fennell to the prison's segregation showers.

As they walked to the showers, Officers Alvarez and Lopez-Lopez threatened Fennell and enticed him to fight them.  When they reached the showers, the officers threw Fennell into the shower stall and locked him in.  Officer Lopez-Lopez then ordered Fennell to place his arms through the shower stall's food tray slot so that she could remove his handcuffs. Officer Lopez-Lopez, however, did not simply remove Fennell's handcuffs; instead, she grabbed his

No. 07-50986

wrists and twisted them, which resulted in an injury to Fennell's wrist and further injury to his shoulder.

After the incident with the officers, a contract employee of TDCJ, nurse Shelia Burcham[1] ("Nurse Burcham"), came and observed Fennell in the shower stall. Fennell informed Nurse Burcham that officers Alvarez and Lopez-Lopez had injured his wrist and shoulder and requested a medical examination by a doctor. Nurse Burcham did not request such an examination because she could observe nothing wrong with Fennell. Instead, she wrote Fennell's complaint down and told him that she would pass it on. Nurse Burcham visited Fennell again on May 11, 2006, and Fennell again requested to see a doctor for his alleged injuries and complained that he had not received a proper examination of his injuries. Nurse Burcham informed Fennell that she could observe no injuries and told him to put in a "sick call request" for treatment. Nurse Burcham did not do anything else to assist Fennell with his injuries.

After these events occurred, Fennell brought this suit against eight defendants: the TDCJ, Captain Frederico Quintela, Michelle Sellers, Nurse Burcham, and correctional officers Omar Lopez, Lopez-Lopez, Granado, and Alvarez. Fennell brought a number of claims, including an excessive force claim against officers Lopez-Lopez, Granado, and Alvarez, as well as a deliberate indifference claim against Nurse Burcham. The district court referred Fennell's claims against all the defendants to a magistrate judge, who recommended that Fennell's claims be dismissed. Within ten days of the magistrate judge's decision, Fennell made a "Motion to Deny Summary Judgment for the

_____

[1] The caption refers to Nurse Shelia Burcham as "Shelia Burchann;" the parties and the district court, however, referred to her as "Shelia Burcham." We will use the parties and the district court's spelling of Ms. Burcham's name in this opinion.

No. 07-50986

Defendants" and for a continuance under Federal Rule of Civil Procedure ("Rule") 56(f). The district court did not grant Fennell's motion; instead, the district court agreed with the magistrate judge's report and recommendation and dismissed Fennell's claims against all the defendants with prejudice. Following a limited remand from this court for the district court to explain its conclusion that the appeal was taken in bad faith, *Fennell v Quintela*, 07-50986 (5th Cir. Aug. 13, 2008)(single judge order), the district court explained that it dismissed Fennell's claim against officers Alvarez, Granado, and Lopez-Lopez by granting them summary judgment, and the district court dismissed Fennell's claim against Nurse Burcham for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) (2006). We now consider the merits of the original appeal.

## II. STANDARD OF REVIEW

We review the district court's grant of summary judgment de novo, and we may affirm on any grounds supported by the record.[2] *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 348-49 (5th Cir. 2007). We review the district court's dismissal for failure to state a claim under 28 U.S.C. § 1915(2)(B)(ii) de novo. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

## III. DISCUSSION

Fennell raises three arguments on appeal. First, he argues that the district court failed to properly consider his amended complaint. Second, he

---

[2] Appellees argue that our review is for plain error because Fennell failed to object to the magistrate judge's report and recommendation. Fennell, however, made a motion to deny appellees' motion for summary judgment within 10 days after the magistrate judge issued its report and recommendation. As we stated in an earlier opinion in this case, Fennell's motion "sufficed as . . . objections" to the magistrate judge's report and recommendation. *Fennell v. Quintela*, No. 07-50986, slip op. at 2 n.1 (5th Cir. Aug. 13, 2008). Accordingly, our review is not for plain error as appellees suggest.

argues that the district court erred in granting Officers Alvarez, Granado, and Lopez-Lopez summary judgment on his excessive force claim. Finally, he argues that the district court erred in dismissing his claim against Nurse Burcham. We will address each of Fennell's arguments in turn.

A. The Amended Complaint

Fennell argues that the district court failed to properly consider his amended complaint in dismissing his claims. The district court dismissed Fennell's claims based solely on Fennell's original complaint instead of his amended complaint, which was properly filed and before the court at the time of judgment. Typically, "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Fennell's amended complaint did not specifically refer to, adopt, or incorporate by reference his original complaint, so the district court erred by failing to consider his amended complaint in dismissing his claims. However, the district court's failure to properly consider Fennell's amended complaint will not require reversal if the original complaint alleged his "best case." *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (stating that a district court's error in failing to allow a pro se plaintiff to amend his complaint "may be ameliorated . . . if the plaintiff has alleged his best case, or if the dismissal was without prejudice"); *Goldsmith v. Hood County Jail*, 299 F. App'x 422, 423 (5th Cir. 2008) (unpublished) (finding that a district court did not commit reversible error in failing to allow a pro se plaintiff to amend his complaint because the plaintiff had stated his "best case" in his original complaint and failed to "explain what facts he would have added

No. 07-50986

or how he could have overcome the deficiencies found by the district court if he had been granted an opportunity to amend");[3] *see also McCann v. Tex. City Ref., Inc.*, 984 F.2d 667, 674 (5th Cir. 1993) ("There is some disagreement among the parties as to whether the district court actually considered this amended complaint. This disagreement is irrelevant, however, because the amended complaint also fails to state a cause of action against TCR and Agway."). After reviewing Fennell's amended and original complaints, we find that his original complaint stated his "best case."

In his motion to amend, Fennell conceded that his amended complaint only contained "slight" changes, and a review of Fennell's amended complaint does not reveal any material differences between his amended and original complaints. More importantly, on appeal, Fennell does not explain what additional facts were added in his amended complaint, nor does he explain how his amended complaint could have allowed him to overcome any of the deficiencies in his original complaint. Because there is no indication that Fennell did not set forth his "best case" in his original complaint, the district court's error in failing to consider Fennell's amended complaint does not require reversal.

B. Excessive Force

Fennell argues that the district court erred in granting summary judgment on his excessive force claim against Officers Granado, Alvarez, and Lopez-Lopez. We agree with respect to Officers Alvarez and Lopez-Lopez but not Officer Granado.

1. Officer Granado

---

[3] While unpublished decisions are not precedent, we find this decision instructive.

No. 07-50986

Fennell does not allege that Officer Granado used any excessive force against him. The use of force is required to state a claim for excessive force. *Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir. 2009). Accordingly, we conclude that the district court did not err in granting Officer Granado summary judgment.

2. Officers Alvarez and Lopez-Lopez

In contrast to Officer Granado, Fennell did accuse Officers Alvarez and Lopez-Lopez of using excessive force. The district court found that Officers Alvarez and Lopez-Lopez were entitled to summary judgment because Fennell failed to present evidence that would allow a reasonable jury to find that a constitutional violation occurred. Fennell argues that the district court committed reversible error in arriving at its conclusion. We agree.

a. Constitutional Violation

To prevail on an excessive force claim at summary judgment, a plaintiff must present evidence that would allow a reasonable jury to find the following: "(1) an injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *See Ontiveros*, 564 F.3d at 382 (quotation marks omitted). The district court held that Fennell failed to present evidence that would allow a reasonable jury to find for him on each of the three elements of an excessive force claim. Fennell argues that the district court's conclusion as to the first two elements was premature and that he presented sufficient evidence of the final element. We will examine Fennell's arguments in turn.

The district court found that Fennell failed to present any evidence of an injury and, as a result, granted Officers Alvarez and Lopez-Lopez summary

7

No. 07-50986

judgment. The district court's injury finding was based solely on the portions of Fennell's medical records that the officers found to be relevant and saw fit to produce. Before the district court granted the officers summary judgment, Fennell made a Rule 56(f) motion for a continuance to obtain certain medical documents allegedly showing that he had suffered an injury. Fennell argued in his motion that the defendants had those medical records in their possession and that he did not have access to them. The district court denied Fennell's 56(f) motion. We review the district court's denial of Fennell's 56(f) motion for an abuse of discretion. *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010).

"Rule 56(f) discovery motions are broadly favored and should be liberally granted because the rule is designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Id.* (quotation marks omitted). A "request to stay summary judgment under Rule 56(f) must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.* "When a party is not given a full and fair opportunity to discover information essential to its opposition to summary judgment, the limitation on discovery is reversible error." *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999).

In his Rule 56(f) motion, Fennell identified the following pieces of evidence that he believed would allow him to create a jury question as to his alleged injury: (1) "Medical Reports from JT Montford;" and (2) "MRI Reports recently taken by JT Montford Hospital in Lubbock, Tx." The discovery of such evidence could have allowed Fennell to create a fact issue as to whether he suffered an

8

No. 07-50986

injury, and no party has pointed to anything in the record that shows that Fennell had a full and fair opportunity to discover this essential evidence. Moreover, the district court did not state its reasons as to why Fennell's motion was denied. As a consequence, we conclude, on the basis of the record before us, that the district court's denial of Fennell's 56(f) motion was an abuse of discretion.

As an alternative basis for judgment, the district court also found that Fennell failed to create a fact issue as to the third element of his excessive force claim. Specifically, the district court found that Fennell failed to produce evidence that would allow a reasonable jury to find that Officers Alvarez and Lopez-Lopez used force or that their use of force was excessive and clearly unreasonable. Fennell argues that his complaints, which were verified as true and correct, constituted such evidence. Based on a review of Fennell's complaints and the fact that his verified complaints are competent summary judgment evidence, *King*, 31 F.3d at 346, we agree.

A defendant's use of force against a plaintiff is excessive and clearly unreasonable if the plaintiff posed no threat and the force was not used in a "good-faith effort to maintain or restore discipline." *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Clark v. Gonzalez*, No. 96-41146, 1997 WL 681275, at *2-3 (5th Cir. Oct. 23, 1997) (holding that slamming a prisoner into walls was an excessive use of force when the prisoner was handcuffed and did nothing to provoke the officers);[4] *Carrington v. City of Lufkin*, No. 94-40139, 1994 WL 500481, at *2 (5th Cir. Aug. 31, 1994) (finding that banging a person's head into

---

[4] While *Clark* is non-precedential, we find it to be instructive and persuasive.

a car and dropping them to the ground when they posed no threat would be "an objectively unreasonable use of force clearly excessive to the need").

The district court found that Fennell failed to present evidence that would allow a reasonable jury to find that excessive and unreasonable force was used against him. In arriving at its decision, the district court appears to have accepted the version of the events contained in Officers Alvarez's and Lopez-Lopez's affidavits, which assert that no one slammed Fennell into a wall and that Fennell twisted his own wrist in the food tray. Fennell's original and amended complaints contain a different story. In his complaints, Fennell alleged that Officer Alvarez slammed him into a wall, injuring his shoulder, and that, when he was already behind bars in the segregation shower, Officer Lopez-Lopez forcefully twisted his wrist, resulting in an injury to his wrist and further injury to his shoulder. Fennell alleges that he did not provoke the officers and that he did nothing to require either officer to use any force against him. If proven, the version of events as testified to by Fennell would allow a reasonable jury to find that Officers Alvarez and Lopez-Lopez used excessive force in violation of the Constitution. "Any credibility determinations [that the district court] made between the officers' and [Fennell's] version of events [was] inappropriate for summary judgment." *See Tarver v. City of Edna*, 410 F.3d 745, 753 (5th Cir. 2005). Accordingly, we conclude that the district court erred in finding that Fennell failed to create a jury question as to whether any force was used or that such force was excessive and clearly unreasonable.

In summary, Fennell may have alleged sufficient facts to create a jury question with respect to his excessive force claim against Officers Alvarez and Lopez-Lopez. However, we cannot definitively determine whether this is true

No. 07-50986

because Fennell may not have suffered any injury and further discovery is required to determine whether Fennell can obtain any evidence that would allow a reasonable jury to find that he suffered an injury.

### b. Qualified Immunity

The district court also granted Officers Alvarez and Lopez-Lopez summary judgment on the basis of qualified immunity. When a defendant pleads qualified immunity as an affirmative defense and moves for summary judgment on that basis, a court must decide two questions: (1) whether the plaintiff has presented evidence that would allow a reasonable jury to find that the defendants violated the plaintiff's constitutional rights; and (2) whether the "defendant's actions were objectively reasonable in light of clearly established law at the time of the conduct in question." *See Freeman v. Gore*, 483 F.3d 404, 410-11 (5th Cir. 2007); *see also Ontiveros*, 564 F.3d at 382; *Tarver*, 410 F.3d at 753. If we accepted the version of events found in Fennell's verified complaint, we would find that Officers Alvarez and Lopez-Lopez were not entitled to qualified immunity. *See Tarver*, 410 F.3d at 753-54 (finding that an officer was not entitled to qualified immunity at summary judgment when the record contained evidence showing that force was used against a plaintiff who posed no threat to the officer); *Carrington*, 1994 WL 500481 at *2; *see also Clark,* 1997 WL 681275 at *3 (finding that officers were not entitled to qualified immunity at summary judgment when the record contained evidence showing that the prisoner, who had been handcuffed, had been beaten in an unprovoked attack). However, at this juncture in the litigation, we cannot definitively decide whether Officers Alvarez and Lopez-Lopez are entitled to qualified immunity because further discovery is necessary to determine whether Fennell has produced sufficient

11

No. 07-50986

evidence of a constitutional violation.  Accordingly, the district court should revisit the issue of qualified immunity after discovery is complete.

C. Medical Needs

Fennell's final claim of error asserts that the district court incorrectly dismissed his claims against Nurse Burcham for failure to state a claim.  Fennell alleges that Nurse Burcham was deliberately indifferent to his need for medical care and, therefore, violated his constitutional rights.  "Deliberate indifference is an extremely high standard to meet," *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quotations omitted), because it only encompasses the unnecessary and wanton infliction of pain repugnant to the conscience of mankind, *see McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).  To allege deliberate indifference, a plaintiff must allege facts that show that a prison employee "knew of and disregarded an excessive risk to the inmate's health or safety." *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001).  A risk is excessive if the failure to provide medical treatment "could result in further significant injury [to the prisoner] or the unnecessary and wanton infliction of pain." *See Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002).

In his amended complaint, Fennell alleged that he informed Nurse Burcham that he believed he had suffered an injury to his wrist and shoulder and that his shoulder ached.  Fennell's complaint does not allege any pain besides achiness, and he admits that Nurse Burcham could not have observed any injury to his body, as his "injuries [were] not observable to the natural eye." Moreover, Fennell's complaint states that Nurse Burcham informed him that she could observe no sign of injury.  Based on the facts alleged in Fennell's complaint, we cannot conclude that Nurse Burcham knew or should have known

12

No. 07-50986

that any delay or failure to provide medical care would have resulted in significant further injury or the unnecessary and wanton infliction of pain repugnant to the conscience of mankind.  As a result, we hold that the district court did not err in dismissing Fennell's claim against Nurse Burcham.[5]

## IV. CONCLUSION

Because we find that the district court prematurely granted Officers Alvarez and Lopez-Lopez summary judgment, we REVERSE and REMAND with respect to these two officers for further discovery and proceedings consistent with this opinion.  With respect to all the other defendants, we AFFIRM.

---

[5] Fennell also argues that the district court should have served Nurse Burcham before dismissing his claims against her.  We disagree.  The district court was not required to order service of process before his dismissing Fennell's claims, so its failure to order service of process does not constitute reversible error.  *See In re Jacobs*, 213 F.3d 289, 290 (5th Cir. 2000) ("We have long recognized the authority of the district courts to ascertain the potential frivolousness of IFP suits before directing service of process.").