# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 22, 2013

No. 12-10277
Summary Calendar

Lyle W. Cayce
Clerk

SCOTT TURNER,

Plaintiff-Appellant

v.

AMERICAHOMEKEY INCORPORATED; US BANK NA; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INCORPORATED, (MERS),

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
No. 3:11-CV-860

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Pro se plaintiff Scott Turner filed suit against multiple defendants seeking to quiet title to certain real property and obtain associated declaratory relief. After concluding that Turner's complaint did not state a claim upon which relief could be granted, the district court dismissed the suit with prejudice. Turner now appeals, arguing that the district court erred in concluding that his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10277

complaint failed to state a claim. Alternatively, Turner asserts that if his complaint was inadequate, the district court erred in failing to allow him to amend it. For the reasons that follow, we AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In September 2004, Scott Turner ("Turner") and his wife, Toni Turner, obtained a loan for a home in Dallas, Texas. To finance the loan, the Turners signed both a promissory note and a deed of trust, both of which defined the Turners as the "Borrower" and AmericaHomeKey, Inc. ("AHK"), as the "Lender." Further, Mortgage Electronic Registration Systems, Inc. ("MERS"), was identified as a beneficiary of the deed of trust, "solely as nominee for Lender . . . and Lender's successors and assigns." The deed of trust provided that MERS had the right "to take any action required of Lender," including exercising "the right to foreclose and sell the [p]roperty" and to release or cancel the deed of trust.

AHK subsequently transferred its interest in the note to U.S. Bank, N.A. ("U.S. Bank"). Likewise, MERS, "as nominee for the lender, its successors and assigns," granted, assigned, and transferred to U.S. Bank "all rights accrued and to accrue under" the deed of trust. Eventually, U.S. Bank initiated foreclosure proceedings, though it is unclear whether the foreclosure process was ever completed. In any event, after the foreclosure proceedings commenced, Turner filed suit against the defendants in Texas state court. Turner's complaint alleged, *inter alia*, that AHK and U.S. Bank failed to provide all necessary disclosures of the material terms of his mortgage loan; failed to inform him that U.S. Bank had obtained a legal interest in the loan; and failed to notify him of the foreclosure. Turner also averred that MERS "failed to have written Authorization for the principle [sic]," and that none of the defendants "have the original note to prove that they are in fact the party authorize[d] to conduct the foreclosure on [his] property."

No. 12-10277

Joined by AHK and MERS, U.S. Bank timely removed the suit to federal court. U.S. Bank and MERS then filed a motion to dismiss, alleging that Turner failed to state a claim upon which relief could be granted.[1] The district court granted the motion, and also dismissed *sua sponte* Turner's claims against AHK. Recognizing that Turner was acting pro se, however, it expressly granted him "leave to file an amended complaint."

On September 15, 2011, Turner filed an amended complaint that narrowed his lawsuit to an action seeking to quiet title to his property and obtain related declaratory relief. The complaint asserted that, to foreclose, U.S. Bank and MERS "were required to provide proof that they were the owner[s] and holder[s] of the promissory note"; that "[a] broken chain of title invalidates the claim(s) on the promissory note"; and that "[i]f the defendants' [sic] cannot produce the original note and produce a valid chain of custody in the form of a valid assignment back to the holder of the note, the court lacks jurisdiction over the case."[2] Turner averred that U.S. Bank and MERS were noncompliant with these last "requirements," because when the original note was transmitted to MERS, MERS scanned it to create an "eNote," and then shredded the original document. Turner argued that this resulted in cancellation of the debt, such that the deed of trust under which the defendants asserted an interest in his mortgage, "although appearing valid on it's [sic] face," "is in fact invalid and of no force or effect." Turner thus sought a declaration from the district court that U.S. Bank and MERS do not own the note and therefore have no interest in, or right to foreclose on, his property. Additionally, Turner sought an order from the court quieting title and compelling U.S. Bank "to transfer legal title and possession of

---

[1] The motion also alleged, in connection with a fraud claim Turner had asserted, that the complaint failed to meet the heightened pleading requirement of Rule 9(b).

[2] Because Turner is the plaintiff in this action, it is unclear what he means by alleging that "the court lacks jurisdiction."

the subject property" to him.

Once again, joined by AHK, U.S. Bank and MERS moved to dismiss for failure to state a claim. The court granted the motion and dismissed Turner's action with prejudice. Turner now appeals, arguing that the court erred in dismissing his claim. Alternatively, Turner argues that if his complaint failed to state a claim, he should have been provided another opportunity to amend it before his case was dismissed.

## II. ANALYSIS

### A. Dismissal Under Rule 12(b)(6)

#### (1) Standard of Review

We review de novo a district court's dismissal under Rule 12(b)(6) for failure to state a claim. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). "When considering a Rule 12(b)(6) motion, we liberally construe the complaint in favor of the plaintiff and accept all well-pleaded factual allegations as true." *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Rule 12(b)(6)," however, "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). A claim must be dismissed "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id.* (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

No. 12-10277

**(2) Request to Quiet Title**

As noted, Turner's complaint sought to quiet title to the property in his favor. A suit to quiet title is an action in which the plaintiff seeks to remove from his title a cloud created by an allegedly invalid claim. *Jones v. Cont'l Royalty Co.*, 115 F.2d 731, 731-32 (5th Cir. 1940); *Thomson v. Locke*, 1 S.W. 112, 115 (Tex. 1886) (explaining that quiet title suits "enable the holder of the feeblest equity to remove from his way to legal title any unlawful [hindrance] having the appearance of better right"). To quiet title in his favor, a plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied). Further, the plaintiff in a quiet title action must "recover on the strength of his own title" rather than on the weakness of the defendant's. *Humble Oil & Ref. Co. v. Sun Oil Co.*, 191 F.2d 705, 716 (5th Cir. 1951); *see also Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.).

In dismissing his suit, the district court explained that Turner's complaint was largely a series of conclusory assertions. Moreover, to the extent the complaint was not conclusory, it failed to state a plausible claim to the relief requested because it contained no assertions regarding the strength of Turner's own title. Instead, in an apparent attempt to shift to the defendants the burden of demonstrating that foreclosure would be lawful, Turner's complaint focused entirely on the alleged weaknesses of the defendants' interest in the property. The court explained, in other words, that Turner's complaint was based on the mistaken view that the lawsuit was brought by the defendants to recover on the note, rather than by Turner to quiet title. Because Turner failed to state a plausible claim based on the strength of his own title, the court granted defendants' motion to dismiss.

5

No. 12-10277

On appeal, Turner does little more than baldly assert that the district court erred in granting the defendants' motion. Indeed, as he did in the lower court, Turner neglects to advance any factual allegations whatsoever regarding the strength of his title to the property. To the contrary, he continues to rely on arguments and inapposite authority purportedly demonstrating the weaknesses of defendants' interest. This dearth of factual allegations alone is fatal to Turner's claim. We also observe, however, that the record contains documentation of the note's transfer from AHK to U.S. Bank, and of the transfer of the deed of trust from MERS—acting as AHK's beneficiary—to U.S. Bank. Aside from conclusory allegations, Turner has provided us with no reason to question the validity of those transfers. Simply put, Turner has failed to identify any error in the district court's analysis, and we find none.

**(3) Request for Declaratory Relief**

To the extent Turner's complaint sought various forms of declaratory relief related to the foreclosure proceedings initiated by U.S. Bank, Turner's appellate brief fails to adequately challenge dismissal of those claims. *See* Fed. R. App. P. 28(a)(9)(A) (explaining that an appellant's brief must contain his "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). "Although we liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel, *pro se* parties must still brief the issues and reasonably comply with the standards of Rule 28." *Grant v. Cuellar*, 59 F.3d 523 (5th Cir. 1995) (footnote omitted). Here, Turner's brief merely quotes, without citation, caselaw that is neither controlling nor persuasive. Again, he has failed to identify any error in the district court's conclusions, and our review of the record reveals none.

We therefore affirm the district court's conclusion that Turner's complaint failed to state a claim upon which relief could be granted.

6

No. 12-10277

## B. Opportunity to Amend

Finally, Turner maintains that the district court should have provided him another opportunity to amend his complaint before dismissing his suit with prejudice. We review this contention under the abuse of discretion standard. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). "Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam). Nevertheless, as we already have explained, the district court did grant Turner leave to amend his original complaint. Moreover, granting leave to amend is unnecessary "if the plaintiff has alleged his best case." *Id.* On appeal, Turner submits that permitting an amendment would have allowed him to state a claim for relief. In support of this proposition, however, he merely advances—verbatim—the arguments we have discussed and rejected above. Because Turner has not explained what additional material "facts he would have added or how he could have overcome the deficiencies found by the district court if he had been granted an opportunity to amend," he has failed to show any error. *Brewster*, 587 F.3d at 768 (quoting *Goldsmith v. Hood Cnty. Jail*, 299 F. App'x 422, 423 (5th Cir. 2008) (per curiam) (unpublished)).

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment.

7