# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## No. 03-18-00726-CV

**Marie Bowser, Appellant**

**v.**

**Champion Mortgage/Champion Reverse Mortgage/Nationstar Mortgage/Mr. Cooper, as Nominee for Lender and Lender's Successors and Assigns, and Bank of America, N.A., Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT NO. D-1-GN-18-003306, HONORABLE JAN SOIFER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Marie Bowser sued Champion Mortgage Co. d/b/a Nationstar Mortgage, LLC, to enjoin or rescind a non-judicial foreclosure. *See* Tex. Civ. Prac. & Rem. Code § 65.011 (governing injunctions); Tex. Prop. Code § 51.0025 (authorizing non-judicial foreclosure); *Charter Nat'l Bank–Hous. v. Stevens*, 781 S.W.2d 368, 371 (Tex. App—Houston [14th Dist.] 1989, writ denied) (outlining elements of wrongful foreclosure). The district court denied the requested relief and subsequently denied Bowser's motion for new trial. We will affirm.

## BACKGROUND

The parties before the Court are familiar with the facts of this case, and we will summarize them only to the extent necessary to dispose of Bowser's appeal. In 2014, Bowser received the disputed property ("the Property") from the estate of Owens Houston, Sr., a few months

after his death.  The Property was encumbered by a reverse mortgage Houston had obtained in 2009.

As relevant to this appeal, Nationstar serviced the mortgage, which was memorialized by a Note and

Deed of Trust.

The Deed of Trust provided that the Lender or its representative could "require

immediate payment in full of all sums secured by this Security Instrument" upon the death of the

Borrower or the sale of the Property.  Upon Houston's death, Nationstar exercised the option to

require accelerated payment of the loan secured by the Property.  When neither Bowser nor

Houston's estate made that payment, Nationstar notified Bowser it would foreclose on the Property

pursuant to Section 51.0025 of the Property Code.

After several delays,[1] Nationstar provided notice that it would foreclose at 1:00 p.m.

on July 3, 2018.  At 11:00 a.m. that day, Bowser filed a petition for a temporary restraining order to

enjoin the pending foreclosure, but foreclosure occurred and the Property was sold before the district

court could hold a hearing on that motion.  *See* Tex. Prop. Code § 51.002(c) (requiring sale to begin

within three hours of time stated in notice).  Bowser then filed an amended petition alleging

wrongful foreclosure and seeking rescission of the sale.  She also asked the Court to "hear [the]

motion for temporary restraining order and injunctive relief."  The district court held a hearing on

the requested rescission in August but declined to entertain Bowser's arguments regarding the

---

[1] Nationstar avers that the delay resulted from its attempts to allow Bowser time to sell the Property, but neither the delay nor its cause is material to the disposition of this appeal.

2

temporary restraining order. The court then denied the requested rescission and later denied Bowser's motion for new trial. Bowser timely perfected this appeal from the district court's order.[2]

## DISCUSSION

We begin by noting that Bowser represents herself in this matter. "A pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure." *Amir–Sharif v. Mason*, 243 S.W.3d 854, 856 (Tex. App.—Dallas 2008, no pet.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Strange v. Continental Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied)). Bowser appears to raise three issues on appeal. First, she contends the district court erred by refusing to entertain her arguments for a temporary restraining order or injunction. Second, she contends the district court erred by denying the requested rescission of the foreclosure. Third, she alleges error in the district court's denial of her motion for new trial.

**Temporary Restraining Order and Injunction**

Bowser first argues the district court erred by refusing to entertain Bowser's arguments for a temporary restraining order or injunction. We disagree. The Texas Constitution only affords the State's courts with jurisdiction over live cases and controversies. *Heckman v. Williamson County*, 369 S.W.3d 137, 147 (Tex. 2012). A request for injunctive relief is no longer

---

[2] The disputed orders are not labeled final judgments, but "[t]he language of an order or judgment cannot make it interlocutory when, in fact, on the record, it is a final disposition of the case." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). We agree with the parties that the disputed orders dispose of all issues presented to the district court and therefore represent final judgment in the case. *See* Tex. Civ. Prac. & Rem. Code § 51.012; *Lehmann*, 39 S.W.3d at 200.

live once the action sought to be enjoined is effected. *Houston Transit Benefit Ass'n v. Carrington*, 590 S.W.2d 744, 745 (Tex. App.—Houston [14th Dist.] 1979, no pet.). There are exceptions to this general rule, *see id.*, but Bowser does not assert any exception here. On July 3, she sought to enjoin the imminent foreclosure of the Property, but by the time of the hearing, that foreclosure had already taken place. The district court therefore properly declined to exercise jurisdiction over the claim. *Heckman*, 369 S.W.3d at 147; *Labrado v. County of El Paso*, 132 S.W.3d 581, 589 (Tex. App.—El Paso 2004, no pet.). We overrule the issue.

**Rescission**

Bowser contends the district court erred by failing to rescind the foreclosure. As a predicate to foreclosure rescission, a plaintiff must establish a defect in the foreclosure proceedings and a resulting injury. *See American Sav. and Loan Assoc. v. Musick*, 531 S.W.2d 581, 587 (Tex. 1975). Bowser had the burden to demonstrate a procedural defect by a preponderance of the evidence. *Id.*

Texas law allows non-judicial foreclosure pursuant to the "power of sale conferred by a deed of trust or other contract lien." *See* Tex. Prop. Code § 51.002(a). We interpret unambiguous language in a promissary note and deed of trust de novo, as we do with any other contract. *See Cronin v. Wells Fargo Bank, N.A.*, No. 03-12-00799-CV, 2014 WL 2918006, at *3 (Tex. App.—Austin June 19, 2014, pet.). The Deed of Trust provides:

> Foreclosure: It is the express intention of Lender and Borrower that Lender shall have a fully enforceable lien on the Property. It is also the express intention of the Lender and Borrower that Lender's default remedies shall include the most

expeditious means of foreclosure available by applicable law, including, without limitation, foreclosure under a power of sale.

This language unambiguously confers the power of sale on the Lender, who had Nationstar administer the foreclosure as permitted by Section 51.0025 of the Property Code.

Bowser nevertheless argues that Nationstar "unlawfully foreclosed" because "Owens Houston, Sr., is deceased" and "he is the Reverse Mortgage Note holder on the property—NOT appellant." The parties agree that Houston's estate transferred the Property to Bowser by Special Warranty Deed in 2014. The Special Warranty Deed indicates that the transfer is made "in accordance with the 'Documents' as defined in that certain Reverse Mortgage Agreement and the 'Obligations' (as defined in the said Reverse Mortgage Agreement) secured by . . . the Vendor's Lien." The Reverse Mortgage Agreement includes a clause allowing the Lender to "require immediate payment in full of all sums secured by [the Deed of Trust] if . . . all Borrowers die" or if the Property "is sold or otherwise transferred." Both of these conditions were satisfied here. It is undisputed that once Nationstar accelerated the terms of the Note by requiring immediate payment, neither Houston's estate nor Bowser made that payment. Nationstar was therefore entitled to pursue the Lender's remedies for default, including foreclosure.

Bowser contends Nationstar lacked authority to foreclose because it was not the owner of the Deed of Trust. She refers to "bifurcation of the original lenders [sic] secured debt" and a "broken chain of assignments" that "rendered the 'Deed of Trust' void and unenforceable." As best as we can discern these arguments, Bowser appears to raise a challenge that the state and federal courts have repeatedly rejected as the basis for foreclosure rescission. *See, e.g.*, *Martins v. BAC*

5

*Home Loans Servicing, L.P.*, 722 F.3d 249, 252–256 (5th Cir. 2013) (outlining the theory's history and gathering authorities before rejecting "broken chain of assignments," "wet-ink signature" and "split-the-note" theories); *Morris v. Deutsche Bank Nat'l Tr. Co.*, 528 S.W.3d 187, 192 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (discussing trial court's dismissal of "broken chain of title" theory without reaching the issue). As already explained, Bank of America contracted with Nationstar to administer foreclosure, as is permitted under Texas law. Thus, the fact that Nationstar did not own the Note is immaterial to its right to enforce the terms of the Deed of Trust.

Finally, Bowser contends, "The problem arose from the inception of the Reverse Mortgage with Bank of America in 2009 . . . [i]t seems that Fraudulent Affidavits of Heirship were filed to assist Mr. Houston in getting the Mortgage." She alleges they "produced as such [sic] fraudulent documents to accomplish their actions to wrongfully foreclose" on the Property. In support of this theory, she provided a series of affidavits filed by Houston's friends and family members. However, those affidavits were each executed in 2014 and therefore offer no support for her challenge to the mortgage origination, and the record is devoid of any other evidence related to this theory. In addition, Bowser has not explained the nature of the fraud alleged or how it led to a wrongful foreclosure. *Cf. Turner v. AmericaHomeKey Inc.*, 514 F. App'x 513, 516 (5th Cir. 2013) (per curiam) (rejecting plaintiff's "series of conclusory assertions" regarding foreclosure allegedly rooted in fraud and broken chain of assignments). Because she did not meet her burden to show a defect in the foreclosure proceedings, *Musick*, 531 S.W.2d at 587, we overrule Bowser's challenge to the denial of her request for rescission of the resulting sale.

**Motion for New Trial**

In her final issue on appeal, Bowser complains of the district court's order overruling her motion for new trial. "New trials may be granted and judgment set aside for good cause, on motion or on the court's own motion on such terms as the court shall direct." Tex. R. Civ. P. 320. We review an order disposing of a motion for new trial for abuse of discretion. *Bank One, Tex., N.A. v. Moody*, 830 S.W.2d 81, 85 (Tex. 1992) (discussing breadth of discretion and citing *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. Comm'n App. 1939)). The district court did not abuse its discretion by denying Bowser's motion for new trial, as Bowser did not identify any reason for the district court to revisit the dispute but merely filed the same arguments, verbatim, the court had already considered and rejected. We overrule the issue.

## CONCLUSION

Having concluded that the district court did not err or abuse its discretion in disposing of this case, we affirm its final judgment denying Bowser's claim for rescission of the foreclosure.

_____

Edward Smith, Justice

Before Chief Justice Rose, Justices Kelly and Smith

Affirmed

Filed: June 7, 2019